UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**F I L E D**

DEC 2 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Vernie L. Davenport, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Case No. **07 C 50 2 4 6** |
| | ) | |
| V. | ) | _Judge Kapala_ |
| | ) | |
| | ) | |
| State of Illinois, | ) | |
| JUDGE MICHAEL MALLON, | ) | |
| JUDGE STEPHEN PEMBERTON, | ) | |
| and | ) | |
| Ogle County, Illinois Circuit Clerk | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, Vernie L. Davenport, Jr., PRO SE, files this Original Complaint against Defendants, the State of Illinois, JUDGE MICHAEL MALLON, JUDGE STEPHEN PEMBERTON, and Ogle County, Illinois Circuit Clerk and for causes of action would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. This action is warranted under the United States Constitution, or for the extension, modification, or reversal of existing law and the establishment of new law: COUNT 1. FOURTEENTH AMENDMENT DUE PROCESS Title 42 U.S.C. § 1983.

2.  This Court has jurisdiction over the subject matter of these claims pursuant to Title 28 U.S.C. § § 1331 AND 1343.  Also, jurisdiction for declaratory and injunctive relief is proper under Title 28 U.S.C § § 2201, 2202 and Rule 65 Federal Rules of Civil Procedure.

3.  Venue of this suit lies in the Northern District of Illinois, Western Division pursuant to Title 28 U.S.C. § 1391 because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois, Western Division.

THE PARTIES

PLAINTIFF

4.  Plaintiff Vernie L. Davenport, Jr., is a citizen of the United States and was, at all times relevant to this complaint, a resident of Ogle County, Illinois.

DEFENDANTS

5.  The State of Illinois is responsible for enactment and enforcement of the laws of the State of Illinois and had direct oversight over its agents, Judge Michael T. Mallon, Stephen C. Pemberton and the Ogle County, Illinois Circuit Clerk at all times relevant to this complaint.

6.  Defendant Judge Michael T. Mallon is a Circuit Court Judge for the Nineteenth Judicial District of the State of Illinois.  He is sued in his official capacity and for

2

declaratory and injunctive relief only.  At all times relevant to this complaint, the conduct of Defendant Judge Michael T. Mallon was under color and authority of state law.

7.  Defendant Judge Stephen C. Pemberton is a Circuit Court Judge for the Nineteenth Judicial District of the State of Illinois.  He is sued in his official capacity and for declaratory and injunctive relief only.  At all times relevant to this complaint, the conduct of Defendant Judge Stephen C. Pemberton was under color and authority of state law.

8.  The Ogle County, Illinois Circuit Clerk responsibility includes safekeeping and proper recording and reporting of court records.  At all times relevant to this complaint, the conduct of the Circuit Clerk of Ogle County, Illinois [hereinafter, Ogle County Circuit Clerk] was under color and authority of state law.

## SUMMARY OF FACTS

9.  On July 26, 2007, Plaintiff filed a federal lawsuit, Case No. 07 C 50141. Subsequent to the federal lawsuit, on October 3, 2007 Plaintiff sought in circuit court to have Judge Mallon disqualified to hear pleading for and against Plaintiff, pursuant to 735 ILCS 5/2-1001 (Disqualification of Judge), based on Illinois Code of Judicial Conduct , Rule 63-Canon 3 (C)(1)  (Disqualification).  Plaintiff filed a motion in circuit court, citing among others, the federal lawsuit.  Sometime on or after October 19, 2007 the circuit court docket was amended to reflect the motion to substitute judge [from Mallon] for

3

cause was granted and Judge Pemberton had been assigned to the case as a substitute for Judge Mallon (Exhibit 1).

10. On November 9, 2007 Judge Pemberton was to hear a motion presented by the circuit court opposing party. Prior to Judge Pemberton addressing the circuit court opposing party's motion, Plaintiff offered a motion to substitute judge [from Pemberton] as a right; again, pursuant to 735 ILCS 5/2-1001. Additionally, Plaintiff asked the circuit court to clarify the docket entry indicating Plaintiff's motion to substitute judge [from Mallon] was granted. Plaintiff sought clarification of the circuit court's practice of using the docket to record its rulings. Judge Pemberton said he would investigate the details concerning the docket entry and report the results of his findings, by letter, to both parties.

11. Judge Pemberton's letter of November 14, 2007 (Exhibit 2) stated the results of his investigation: the docket should have indicated the he [Judge Pemberton] was assigned to review the motion to substitute judge [from Mallon], not that the motion was granted.

12. On December 5, 2007, Plaintiff filed a motion to substitute judge [from Pemberton] for cause. Judge Pemberton, in violation of 735 ILCS 5/2-1001, personally reviewed the motion to substitute judge [from Pemberton]—he did not refer the pleading to another judge as mandated by the statute. On December 13, 2007, Judge Pemberton denied Plaintiff's motion.

13. As a result of the actions of Judge Mallon, Judge Pemberton, and the Ogle County Circuit Clerk; and lack of supervision and control of its agents by the State of Illinois this action ensued.

<u>COUNT ONE</u>
<u>VIOLATION OF FOURTEENTH AMENDMENT</u>
<u>PROCEDURAL DUE PROCESS CLAUSE</u>

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if fully restated

here state the following.

15. Recording a ruling by docket in Ogle County Circuit Court is not unusual. As

late as December 13, 2007, Judge Pemberton's denial of Plaintiff's motion to substitute

judge [from Pemberton] was recorded by docket. The Ogle County docket is an

electronic log containing brief entries of court proceedings and is a formal record of

judicial proceedings. Docket entries are maintained by the Ogle County Circuit Clerk.

Any investigation as to the credibility of docket entries should include data derived from

the Ogle County Circuit Clerk. The Ogle County Circuit Clerk data should be able to

provide essential forensics associated with the October 19, 2007 docket entry, including

but not limited to: timestamp of entry/modification, identity of personnel

entering/modifying data, identity of the station on which the data entry was made,

capability to restore modified or lost data, and testimony of the personnel that

entered/modified the data entry. The Ogle County Circuit Clerk modified the docket

solely on the face of a letter from Judge Pemberton, not as a result of an independent

investigation of his own. The Ogle County Circuit Clerk failed in safekeeping, proper

recording and reporting of Ogle County court records. This Court should direct the Ogle

County Circuit  Clerk to restore the October 19, 2007 docket entry to its contents prior to

Judge Pemberton's November 14, 2007 directions, pending a full investigation by a

special federal prosecutor.  Integrity of court records is an essential part of the judicial

process.  A special federal prosecutor should be appointed by this Court to determine if

any criminal acts were involved in the recording, manipulation or reporting of the Ogle

County court records associated with the circuit court case involving this Plaintiff.

16.  Judge Pemberton's superficial investigation into the October 19, 2007 docket

entry was a violation of the Illinois Code of Judicial Conduct:  "A judge must not

independently investigate facts in a case and must consider only the evidence presented."

Judge Pemberton violation of the Illinois Code of Judicial Conduct caused him to lose

jurisdiction in the circuit court case.  As such, Judge Pemberton rulings solely based on

the results of his superficial and unlawful investigation of the October 19, 2007 docket

entry are null and void.

17. The protocol for the motion to substitute judge [from Mallon] due to cause filed

on October 3, 2007 different greatly from the protocol for a previous motion to substitute

judge [from Mallon] due to cause filed on April 17, 2007 (Exhibit 3):

> Protocol for April 17, 2007 Motion:
>
> > April 17, 2007: Motion filed
> >
> > April 18, 2007: Docket Entry-Case assigned to Pemberton
> >
> > April 24, 2007:  Telephone Conference with parties and [Judge]
> > > Pemberton
> >
> > May 1, 2007:  [Defendant's] Response to Motion filed. Hearing Set for
> > > May 9, 2007
> >
> > May 9, 2007:  Hearing held
>
> Protocol for October 3, 2007 Motion:

October 3, 2007: Motion filed

October 19, 2007:  Docket Entry-Motion granted, Judge Pemberton

assigned to case

(Note:  In the protocol for the April 17, 2007 motion, a conference call with the parties

and Judge Pemberton to schedule a hearing date was held within one week of the motion

filing.)  The April 17, 2007 Motion was addressed within about a three-week period.

What is notably absent is the October 19, 2007 docket entry of the Telephone Conference

on that date with parties and Judge Mallon; any reference to a docket entry of the motion

having been assigned to Judge Pemberton for hearing; any reference to scheduling of

telephone conference with parties and Judge Pemberton; any scheduling of a hearing on

Plaintiff's motion.  The circuit court record fails to support Judge Pemberton's claim that

Judge Mallon referred the motion to substitute judge [from Mallon] to him [Judge

Pemberton] and that he [Judge Pemberton] assigned the case to himself.  At no time

between October 19, 2007 and November 5, 2007 [date of Plaintiff's question concerning

the October 9, 2007 docket entry] did Judge Pemberton communicate to both parties that

he had been assigned to the case.  Nor, did Judge Pemberton schedule a hearing to hear

the motion during the period between October 19, 2007 and November 5, 2007.  A casual

observer would find it implausible that the previously stated acts of omission were

inadvertent. The acts of omission are consistent with the October 19, 2007 docket entry

granting Plaintiff's motion.

18.  On November 5, 2007, within less than a three-week period following Plaintiff

filing its motion to substitute judge [from Mallon] for cause, Judge Pemberton agreed to

hear a pleading of the circuit court opposing party—an act consistent with the case been

7

assigned to him [Judge Pemberton].   Yet, the circuit court record shows no instance

where both parties were previously informed of.  The circuit court opposing counsel had

to obtain a court hearing date from Judge Pemberton's office.  Given the parties were

informed of Judge Pemberton's assignment to the case, the circuit court opposing counsel

would have breached protocol by approaching Judge Pemberton's office for a hearing

date.  There must have been *ex parte* information provided to opposing counsel when he

breached protocol by requesting a hearing date from Judge Pemberton's office, and not

from that of Judge Mallon's office.   As such, scheduling the November 7, 2007 hearing

with Judge Pemberton was a violation of  Illinois Code of Judicial Conduct Rule 63 –

Canon 3 (A)(4)(a)(i) and Illinois Code of Judicial Conduct Rule 63 – Canon 3

(A)(4)(a)(ii):

> (4) A judge shall accord to every person who has a legal interest in a
>
> proceeding, or that person's lawyer, the right to be heard according to law.
>
> A judge shall not initiate, permit, or consider *ex parte* communications, or
>
> consider other communications made to the judge outside the presence of
>
> the parties concerning a pending or impending proceeding except that:
>
> (a) Where circumstances require, *ex parte* communications for scheduling,
>
> administrative purposes or emergencies that do not deal with substantive
>
> matters or issues on the merits are authorized; provided:
>
> (i) the judge reasonably believes that no party will gain a procedural or
>
> tactical advantage as a result of the *ex parte* communication, and

8

(ii) the judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication and allows an opportunity to respond.

19. Judge Pemberton violated the <u>Illinois Code of Judicial Conduct</u> ("A judge must not independently investigate facts in a case and must consider only the evidence presented") when he caused Ogle county court records reflecting activities of October 19, 2007 to be altered based on his superficial and unlawful investigation. Judge Pemberton's superficial investigation was without authority of law. As such, Judge Pemberton's actions robbed the Ogle County circuit court of jurisdiction concerning the events affected by Judge Pemberton unlawful investigation and the events that follow. As such, Judge Pemberton decisions of November 14, 2007 and onward are null and void.

20. Judge Pemberton's November 14, 2007 letter is his admission of violating <u>Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4):</u> "A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding..." when he [Judge Pemberton] communicated with Judge Mallon outside the presence of the parties concerning the October 19, 2007 docket entry. Judge Pemberton's unlawful communication with Judge Mallon admittedly influenced Judge Pemberton's findings of November 14, 2007.

21. Judge Pemberton in violation of <u>735 ILCS 5/2-1001</u>, personally reviewed the motion to substitute judge [from Pemberton]—he did not refer the pleading to another judge as mandated by the statute. Judge Pemberton is required by <u>Illinois Code of Judicial Conduct , Rule 63-Canon 3 (C)(1)</u> (Disqualification) to disqualify himself when

his impartiality might be questioned. When Judge Pemberton disregards the law, he acts as an individual, not a judge.  On December 13, 2007 Judge Pemberton acted as an individual in his review of the motion to substitute judge [from Pemberton]. As an individual, Judge Pemberton acted without jurisdiction. As such, Judge Pemberton December 13, 2007 decision is null and void.


COUNT TWO
VIOLATION OF FOURTEENTH AMENDMENT
DUE PROCESS RIGHT TO A FAIR AND IMPARTIAL TRIAL

22.  Plaintiff incorporates by reference paragraphs 1 through 13 as if fully restated here state the following.

23.  As aforementioned, Judge Pemberton's superficial and unlawful investigation into the October 19, 2007 docket entry was a violation of the Illinois Code of Judicial Conduct:  "A judge must not independently investigate facts in a case and must consider only the evidence presented."  As investigator of the docket entry, Judge Pemberton became an advocate whose advocacy superseded  his role as judge. Once Judge Pemberton became an advocate for his personal investigation of the October 19, 2007, it became impossible for Judge Pemberton to maintain his role as an impartial judge in order to review future pleadings.

24.  Judge Pemberton's dual and simultaneous roles as judge and advocate denied Plaintiff a fair and impartial trial in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

COUNT THREE
VIOLATION OF FOURTEENTH AMENDMENT
RIGHT TO EQUAL PROTECTION OF THE LAW

25.  Plaintiff incorporates by reference paragraphs 1 through 13 as if fully restated

here state the following.

26.  On November 9, 2007, Judge Mallon filed an affidavit in circuit court claiming

that Plaintiff's federal suit was not directed toward him [Judge Mallon] personally.  Judge

Mallon's claim that the federal suit is not directed toward him personally is contradicted

by his claim of immunity in federal court.  Judge Mallon's affidavit is fraud upon the

circuit court and robs Judge Mallon of jurisdiction in the circuit court case.

27.  The Illinois Code of Judicial Conduct Rule 63-Canon 3 (A)(1) states, in part: "A

judge should be faithful to the law and maintain professional competence in it."  The

Illinois Code of Judicial Conduct is incorporated in Illinois Supreme Court Rules.

Compliance with Illinois Supreme Court Rules is not discretionary, but is mandatory.

Any noncompliance is unlawful, and judges have no lawful authority to act unlawfully.

Judges Mallon and Pemberton have demonstrated fragrant disregard for law.  Their

unlawful acts infringe upon Plaintiff's right to equal protection of the law.

28.  On November 9, 2007, Judge Pemberton served Plaintiff, in open court, a copy

of Judge Mallon's November 9, 2007 affidavit.  In serving Plaintiff with Judge Mallon's

affidavit, Judge Pemberton became an agent/advocate for Judge Mallon.  As

agent/advocate for Judge Mallon it became impossible for Judge Pemberton to maintain

his role as an impartial judge in order to review future pleadings  affecting Judge Mallon,

directly or indirectly—especially, Plaintiff's motion to substitute judge [from Mallon] for

cause.

11

29. Denying Plaintiff a fair and impartial judge violates Plaintiff's right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, for reasons stated herein, Plaintiff respectfully prays that this Court grants the following relief:

1. Appoint a special federal prosecutor to determine if any criminal acts were involved in the recording, manipulation or reporting of the Ogle County court records associated with the circuit court case involving this Plaintiff, including but not limited to the October 19, 2007 docket entry.

2. Declare that the State of Illinois and the Ogle County Circuit Clerk shall reverse, or cause to be reversed, changes to the Ogle County court docket caused, directly or indirectly, by Judge Pemberton's letter of November 14, 2007.

3. Declare that Judge Pemberton lacks personal jurisdiction over Plaintiff in any action after November 14, 2007 (date of investigation letter).

4. Declare that Judge Mallon lacks personal jurisdiction over Plaintiff in any action after July 26, 2007 (date of federal lawsuit). Or, alternatively declare that Judge Mallon lacks personal jurisdiction over Plaintiff after in any action after November 9, 2007 (date of false affidavit).

5. Declare that Judge Pemberton lacks subject-matter jurisdiction relative to any action involving both Judge Mallon and Plaintiff after November 9, 2007 (Pemberton service of Judge Mallon's affidavit upon Plaintiff).

6.    Enjoin the State of Illinois and it agents, Judge Michael Mallon, Judge Stephen Pemberton  and, the Ogle County Circuit Clerk from further infringement of Plaintiff 's Fourteenth Amendment rights.

7.    Grant such other and further relief as this Court shall seem just and equitable.

8.    That this Court retains jurisdiction of this matter for the purpose of enforcing this Court's Order.

Respectfully submitted,

Vernie L. Davenport, Jr.
Plaintiff, Pro-se

Verification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 21, 2007

Vernie L. Davenport, Jr.

# Ogle County, IL

## 2003D103 DAVENPORT, VERNIE L JR

Last Search | Information | Dispositions | History | Payments | Fines & Fees

| Date: | Entry: | Judge: |
|-------|--------|--------|

Entered Under: DAVENPORT, VERNIE L JR

| Date: | Entry: | Judge: |
|-------|--------|--------|
| 11/16/2007 | Ptf's Notice of Filing filed. Response to Judge Michael T. Mallon Affidavit Filed November 9, 2007 filed. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | UNASSIGNED |
| 11/14/2007 | Letter from Judge Pemberton addressed to Plaintiff and Attny. Slocum filed. Case is set for Motion for Substitution of Judge. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | UNASSIGNED |
| 11/13/2007 | APPELLATE COURT: Mandate entered. Judgment of the trial court is affirmed. | UNASSIGNED |
| 11/09/2007 | Plaintiff present Pro-se. Attny. R. Scloum present for Defendant via telephone. Affidavit of Judge Mallon filed instanter. (Judge kept file) Case continued for Motion for Change of Judge. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | SP |
| 11/07/2007 | Notice of Filing filed. Plaintiff's Motion for Substitution of Judge as a Right filed. Motion hearing set for 11/09/2007 at 01:00 in courtroom 204. | UNASSIGNED |
| 11/05/2007 | Dft's Notice of Motion filed. Dft's Motion for Entry of Judgment Against Plaintiff filed. Motion hearing set for 11/09/2007 at 01:00 in courtroom 204. | UNASSIGNED |
| 10/19/2007 | Plaintiff's Motion to Substitute Judge is granted. Case given to Judge Pemberton. | MM |
| 10/03/2007 | Notice of Filing filed. Conference call set for 10/19/2007 at 08:45 in courtroom 302. Plaintiff's Motion for Substitution of Judge Due to Cause filed. Conference call set for 10/19/2007 at 08:45 in courtroom 302. | UNASSIGNED |
| 10/03/2007 | Petitioner present-Pro Se. Attorney R. Slocum present for Respondent. Conference call set for 10/19/2007 at 08:45 in courtroom 302. (status on Motion to Substitute) | MM |
| 09/28/2007 | Notice of Hearing filed. Petition for Rule to Show Cause filed. Petition hearing set for 10/03/2007 at 11:00 in courtroom 302. | UNASSIGNED |
| 06/29/2007 | Plaintiff present pro se. Attny. Richard Slocum present for Defendant. Plaintiff's Motion to Strike and Dismiss Defendant's Motion for Interim Fees heard and denied. Plaintiff's Motion to Reconsider 2nd Motion to Compel denied. Plaintiff's Motion to Reconsider 4th Motion to Compel denied. Defendant's Motion for Interim Fees (3/26/07) granted ($1,000.00) within 60 days. Plaintiff's Motion for Attny. Fees denied. MALLON: ORDER ENTERED. | MM |
| 05/29/2007 | Plaintiff present via telephone. Attny. Richard Slocum present for Defendant via telephone. Case continued for hearing on all pending matters. All pending set for 6/29/2007 at 11:00 in courtroom 302. | MM |
| 05/09/2007 | Notice of Filing filed. Motion to Reconsider Plaintiff's Second Motion to Compel filed. Notice of Filing filed. Motion to Reconsider Plaintiff's Fourth Motion to Compel filed. Notice of Filing filed. Petition for Interim Attorney's Fees Pursuant to 750 ILCS 5/508 (a) and 750 ILCS 5/501(c-1) filed. Notice of Filing filed. Response to Richard C. Slocum's Affidavit in Support of Petition for Interim Attorney's Fees filed. Notice of Filing filed. Motion to Strike and Dismiss Defendant's Petition for Interim Attorney's Fees filed. Notice of Filing filed. Response to Richard C. Slocum's Affidavit in Support of Response to Motion for Substitution of Judge Due to Cause filed. | UNASSIGNED |

*EXHIBIT 1*

# Circuit Court of Illinois
### Fifteenth Judicial Circuit

STEPHEN C. PEMBERTON
CIRCUIT JUDGE

OGLE COUNTY JUDICIAL CENTER
106 SOUTH FIFTH STREET
SUITE 205
OREGON, IL 61061
TELEPHONE: 815-732-1161
FAX: 815-732-3551

November 14, 2007

Mr. Vernie L. Davenport, Jr.
132 Jeffery Ave.
Rochelle, IL 61068

Attorney Richard C. Slocum
Dreyer, Foote, Streit, Furgason & Slocum
1999 W. Downer Place
Aurora, IL 60506

Re:    IRMO: Davenport, Ogle County Case No.03-D-103

Dear Mr. Davenport and Mr. Slocum:

After further review of the court file and consultation with Judge Mallon, it is my belief that the docket entry made in the above-captioned case for October 19, 2007, is incorrect. The Plaintiff's Motion for Substitution of Judge Due to Cause was not granted by Judge Mallon on that date. Rather that motion was then referred to me for further assignment of a judge to hear the motion. I then assigned myself to hear the motion. By copy of this letter I am advising the Circuit Clerk of Ogle County of these changes which are to be made in the docket in order to correct it.

Mr. Davenport subsequently (November 7, 2007) filed a Motion for Substitution of Judge as of Right in regard to my hearing the Motion for Substitution of Judge Due to Cause. The November 7 motion was made pursuant to 735 ILCS 5/2-1001(a)(2). However, the case law provides that such a motion may be denied if not made timely such as where the moving party has had an opportunity to "test the waters" and form an opinion as to the court's reaction toward his claim, see IRMO Petersen, 319 Ill.App.3d 325, 744 N.E.2d 877, 253 Ill.Dec. 144 (1st Dist., 2001). Inasmuch as I have previously ruled on a motion for substitution as of right in this case such a motion is not timely now. The Plaintiff's Motion for Substitution of Judge as of Right will be denied. Therefore, the case is set for hearing before myself on the motion for substitution of Judge Mallon for cause on December 5, 2007, at 11:00 a.m. I will make a complete record of these findings at that time and prior to the hearing on the motion.

Sincerely,

Stephen C. Pemberton
Circuit Judge

cc:    Court File
       Circuit Clerk

EXHIBIT 2

# O g l e   C o u n t y ,   I L

## 2003D103  DAVENPORT, VERNIE L JR

Last Search  |  Information  |  Dispositions  |  History  |  Payments  |  Fines & Fees

| Date: | Entry: | Judge: |
|---|---|---|
| | Entered Under: DAVENPORT, VERNIE L JR | |
| 12/13/2007 | Plaintiff Vernie Davenport present by phone. Atty Slocum present for defendant by phone. Plaintiff's Motion For Substitution Of Judge Due To Cause denied. (from Pemberton) Hearing on Plaintiff's Motion For Substitution Of Judge Due To Cause set: (from Mallon) Motion hearing set for 1/03/2008 at 01:00 in courtroom 204. | SP |
| 12/05/2007 | Plaintiff present Pro-se. Attny. R. Slocum present for Defendant. Plaintiff's Motion To Substitute As To Cause (from Pemberton) taken under advisement. Conference call set for 12/13/2007 at 03:00 in courtroom 204. | SP |
| 12/05/2007 | Plaintiff's Motion For Substitution Of Judge Due To Cause filed. (From Judge Pemberton) Affidavit filed. Notice Of Filing filed. | UNASSIGNED |
| 11/16/2007 | Ptf's Notice of Filing filed. Response to Judge Michael T. Mallon Affidavit Filed November 9, 2007 filed. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | UNASSIGNED |
| 11/14/2007 | Letter from Judge Pemberton addressed to Plaintiff and Attny. Slocum filed. (DOCKET ENTRY OF 10/19/07 CORRECTED BY JUDGE PEMBERTON) Case is set for Motion for Substitution of Judge. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | UNASSIGNED |
| 11/13/2007 | APPELLATE COURT: Mandate entered. Judgment of the trial court is affirmed. | UNASSIGNED |
| 11/09/2007 | Plaintiff present Pro-se. Attny. R. Scloum present for Defendant via telephone. Affidavit of Judge Mallon filed instanter. (Judge kept file) Case continued for Motion for Change of Judge. Motion hearing set for 12/05/2007 at 11:00 in courtroom 204. | SP |
| 11/07/2007 | Notice of Filing filed. Plaintiff's Motion for Substitution of Judge as a Right filed. (From Judge Pemberton) Motion hearing set for 11/09/2007 at 01:00 in courtroom 204. | UNASSIGNED |
| 11/05/2007 | Dft's Notice of Motion filed. Dft's Motion for Entry of Judgment Against Plaintiff filed. Motion hearing set for 11/09/2007 at 01:00 in courtroom 204. | UNASSIGNED |
| 10/19/2007 | granted, but referred to Judge Pemberton for hearing on the Motion. **NOTE: THIS DOCKET ENTRY AMENDED BY LETTER OF JUDGE PEMBERTON DATED NOVEMBER 14, 2007** | UNASSIGNED |
| 10/19/2007 | Plaintiff's Motion for Substitution of Judge Due to Cause is NOT Case given to Judge Pemberton. | MM |
| 10/03/2007 | Notice of Filing filed. Conference call set for 10/19/2007 at 08:45 in courtroom 302. Plaintiff's Motion for Substitution of Judge Due to Cause filed. (From Judge Mallon) Conference call set for 10/19/2007 at 08:45 in courtroom 302. | UNASSIGNED |
| 10/03/2007 | Petitioner present-Pro Se. Attorney R. Slocum present for Respondent. Conference call set for 10/19/2007 at 08:45 in courtroom 302. (status on Motion to Substitute) | MM |
| 09/28/2007 | Notice of Hearing filed. Petition for Rule to Show Cause filed. Petition hearing set for 10/03/2007 at 11:00 in courtroom 302. | UNASSIGNED |

EXHIBIT 3

| | | |
|---|---|---|
| 06/29/2007 | Plaintiff present pro se. Attny. Richard Slocum present for Defendant. Plaintiff's Motion to Strike and Dismiss Defendant's Motion for Interim Fees heard and denied. Plaintiff's Motion to Reconsider 2nd Motion to Compel denied. Plaintiff's Motion to Reconsider 4th Motion to Compel denied. Defendant's Motion for Interim Fees (3/26/07) granted ($1,000.00) within 60 days. Plaintiff's Motion for Attny. Fees denied. MALLON: ORDER ENTERED. | MM |
| 05/29/2007 | Plaintiff present via telephone. Attny. Richard Slocum present for Defendant via telephone. Case continued for hearing on all pending matters. All pending set for 6/29/2007 at 11:00 in courtroom 302. | MM |
| 05/09/2007 | Notice of Filing filed. Motion to Reconsider Plaintiff's Second Motion to Compel filed. Notice of Filing filed. Motion to Reconsider Plaintiff's Fourth Motion to Compel filed. Notice of Filing filed. Petition for Interim Attorney Fees Pursuant to 750 ILCS 5/508 (a) and 750 ILCS 5/501(c-1) filed. Notice of Filing filed. Response to Richard C. Slocum's Affidavit in Support of Petition for Interim Attorney's Fees filed. Notice of Filing filed. Motion to Strike and Dismiss Defendant's Petition for Interim Attorney's Fees filed. Notice of Filing filed. Response to Richard C. Slocum's Affidavit in Support of Response to Motion for Substitution of Judge Due to Cause filed. | UNASSIGNED |
| 05/09/2007 | Plaintiff present Pro Se. Atty Slocum present for Defendant. Plaintiff's Motion To Strike Defendant's Response filed. Motion To Strike Defendant's Response heard and denied. Defendant's Oral Motion to amend paragraph 2 of Affidavit Of Richard C. Slocum on Response To Motion For Substitution Of Judge Due To Cause granted and amended on its face. Plaintiff's Exhibit #1 and 2 offered for purposes of Motion For Substitutioin Of Judge Due To Cause and not admitted. Exhibits withdrawn. Motion For Substitution Of Judge heard and denied. PEMBERTON: ORDER ENTERED. Conference call set for 5/29/2007 at 01:00 in courtroom 302. | SP |
| 05/01/2007 | Response to Motion fo Substitution of Judge Due to Cause filed. Motion hearing set for 5/09/2007 at 11:00 in courtroom 204. | UNASSIGNED |
| 04/24/2007 | Telephone conference held with Plaintiff (Pro-se) and Attny. Slocum who represents the Defendant. Defendant to file response to Motion for substitution by 5/4/07. Case continued for Motion hearing. Motion hearing set for 5/09/2007 at 11:00 in courtroom 204. POCKET DATE: Conference call set for 8/24/07 at 8:45 in courtroom 204 | SP |
| 04/18/2007 | Case assigned to Judge Pemberton for the Motion to Substitute. Case continued for conference calls. POCKET DATE: Conference call set for 8/24/2007 at 08:45 in courtroom 204. | SP |
| 04/18/2007 | Notice of Filing filed. Conference call set for 4/24/2007 at 08:45 in courtroom 204. | UNASSIGNED |
| 04/17/2007 | Motion for Substitution of Judge Due to Cause filed instanter. Affidavit filed. | UNASSIGNED |
| 04/17/2007 | Plaintiff present Pro-Se. Attny. Richard Slocum present for Defendant. Motion is granted - case to go to Judge Pemberton for re-assignment. Case continued for telephone conference. Conference call set for 4/24/2007 at 08:45 in courtroom 204. | MM |
| 04/10/2007 | APPELLATE COURT: ORDER entered. Appeal 02-07-0214 is dismissed. | UNASSIGNED |
| 03/26/2007 | Notice of Hearing filed. Petition for Interim Attorney's Fees Pursuant to 750 ILCS 5/508(a) and 750 ILCS 5/501(c-1) filed. Affidavit in Support of Petition for Interim Attorney's Fees Pursuant to 750 ILCS 5/508(a) and 750 ILCS 5/501(c-1) filed. Petition hearing set for 4/17/2007 at 02:30 in courtroom 302. POCKET DATE: Conference call set for 4/24/07 at 08:45 in courtroom 302. | UNASSIGNED |
| 03/21/2007 | APPELLATE COURT: Briefing Schedule ORDER entered.(Appeal due 04/25/07) | UNASSIGNED |
| 03/08/2007 | APPELLATE COURT: ORDER entered. (Motion by appellant to stay enforcement of judgment pending appeal is denied) | UNASSIGNED |
| 03/05/2007 | Certified mail receipt returned showing service on the Appellate Court filed. | UNASSIGNED |