IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| VERNIE L. DAVENPORT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 50246 |
| v. ) | |
| ) | Honorable Judge Kapala |
| STATE OF ILLINOIS, JUDGE MICHAEL ) | |
| MALLON, JUDGE STEPHEN PEMBERTON, ) | Magistrate Judge Mahoney |
| and the OGLE COUNTY, ILLINOIS CIRCUIT ) | |
| CLERK, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants State of Illinois, Judge Michael Mallon, Judge Stephen Pemberton, and the Ogle County, Illinois Circuit Clerk, by their attorney, LISA MADIGAN, Attorney General of Illinois, submit the following Memorandum of Law in support of their Motion to Dismiss:

**I. Background**

Plaintiff filed this action, complaining of rulings made in a State Court case by Judge Mallon and Judge Pemberton who are sued in their official capacities for injunctive and declaratory relief. (Complaint, ¶6-7). Essentially, Plaintiff complains about rulings made by Judge Permberton in an action pending in State Court, namely the Judge's denial of the Plaintiff's Motion to Substitute Judge and other issues found in the Judge's November 14, 2007 letter which is attached to the Complaint as Exhibit 2. (Complaint, ¶23). Judge Mallon is named as a Defendant in this action, but he is no longer the judge assigned to Plaintiff's State Court

case.[1]  (Complaint, ¶9).  The Ogle County Circuit Clerk's Office is named because the Clerk made a correction to the computer docketing system pursuant to Judge Pemberton's November 14, 2007 letter, and the Plaintiff disagrees that this change should have been made.  (Complaint, ¶15).  The State of Illinois is named because the Plaintiff believes the "State has direct oversight over its agents, Judge Michael T. Mallon, Stephen C. Pemberton and the Ogle County, Illinois Circuit Clerk."  (Complaint, ¶5).  In the three-count Complaint, Plaintiff alleges that the Judges violated his procedural due process rights, his right to an impartial trial, and his equal protection rights.

## II.  Argument

### A.  This Court Lacks Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine.

This Court lacks subject matter jurisdiction over Plaintiff's claims as they are simply an attack on rulings made during the course of a state court proceeding.  The *Rooker-Feldman* doctrine bars cases, like the instant action,  "...brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).  Lower federal courts lack subject matter jurisdiction to sit in direct review of state court decisions, unless Congress has enacted legislation that specifically authorizes such relief.  See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The

---

[1] Plaintiff Davenport has filed a similar Federal action against Judge Mallon and the State of Illinois, 07 C 50141.  The Defendants' Motion to Dismiss, which is based on similar arguments as presented here, is pending in that matter.

*Rooker-Feldman* doctrine precludes Mr. Davenport, a State litigant, from appealing the decisions of the Illinois Circuit Court to this Court.

Constitutional challenges arising in proceedings in the state court are within the province of the state courts. *Feldman*, 460 U.S. at 483. Whether or not Plaintiff has timely appealed the matters in State Court, it is clear that the District Court is not the proper avenue for an appeal or for review of the decisions made by the Defendants. In order to overturn a state judgment, a party must proceed through the state appellate system and can only seek federal review from the United States Supreme Court. *4901 Corp. v. Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). A plaintiff cannot avoid the jurisdictional doctrine of *Rooker-Feldman* by simply casting his complaint in the form of a civil rights action or by adding claims of constitutional deprivations. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993), <u>cert. denied</u> 126 L.Ed.2d 661 (1994). Having failed to bring his appeal through the Illinois Appellate courts and ultimately to the United States Supreme Court, he has no right to a collateral attack in the Federal District courts, as these are courts of original jurisdiction. *Rooker*, 263 U.S. at 416.

By requesting that this Court issue injunctive relief regarding whether the State Court has personal or subject matter jurisdiction over the Plaintiff's claims in the State Court matter, Plaintiff is clearly seeking to have the State Court decisions reviewed, reversed, and remanded. This is prohibited, and the Plaintiff's Complaint must be dismissed as this Court lacks jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1).

### B. This Court Lacks Jurisdiction Pursuant to the *Younger* Doctrine.

The *Younger* abstention doctrine holds that a party to a state proceeding which affects important governmental interests must resolve the dispute in the state tribunal. *Nelson v.*

*Murphy*, 44 F.3d 497, 501 (7th Cir. 1995)  A litigant opposing the state in a state court proceeding on a subject which holds important governmental interest to the state must use the state forum for litigating constitutional defenses.  *Id.* at 503.  Furthermore, Plaintiffs who bypass the opportunity to litigate in state court are foreclosed from litigating in Federal court.  *Id.*

In order for *Younger* abstention to apply, three factors must be met: (1) the state court proceedings must be on-going; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state court proceedings to raise constitutional challenges.  *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996).

The certified Docket Sheet in the Plaintiff's State Court case, 03 D 103 (attached hereto as Exhibit A), shows that the case is currently pending.  The first factor in *Younger* is clearly met.

The second *Younger* factor is also met.  States have important, inherent governmental interests in their state court proceedings.  *Barichello*, 98 F.3d at 954; *Judice v. Vail*, 430 U.S. 327 (1977).  Additionally, Federal courts should refrain from entertaining injunctive relief which could interfere with state court judicial processes.  *Barichello*, 98 F.3d at 954.  Based on these important governmental interests and the Plaintiff's requested injunctive relief, the second factor of *Younger* abstention is met in this case.

Finally, the third factor of *Younger* abstention is also met, as the Plaintiff in this matter has the opportunity to litigate his claims in state court.  The Illinois Circuit Courts are courts of general jurisdiction.  *Nelson v. Murphy*, 44 F.3d at 502.  Plaintiff has an opportunity to bring his issues before the State Court judge hearing his case.  Therefore, this Court lacks jurisdiction over Plaintiff's claims pursuant to the *Younger* abstention doctrine, and they should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

### C. Defendants are Not Subject to Suit Under Section 1983.

Plaintiff's claims against the Defendants are not viable under 42 U.S.C. §1983. First, under Section 1983, the State of Illinois is not a "person" subject to suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, Plaintiff's claims against the State of Illinois must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

Second, Plaintiff's claims for injunctive relief against Judge Mallon and Judge Pemberton in their official capacities are specifically prohibited by the plain language of Section 1983: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In the instant case, neither judge violated a pre-existing declaratory decree, and the judges' acts were within their judicial capacity. Though counsel for the Defendants could find no direct cases interpreting "judicial capacity" in reference to a claim for injunctive relief, the common law doctrine of absolute judicial immunity (which bars monetary damages against a judge) is similarly applicable to the statutory immunity barring injunctive relief against a judge. Congress used the same "judicial capacity" language found in case law discussing absolute immunity to amend Section 1983 in 1996. *See* Stump v. Sparkman, 435 U.S. 349 (1978). This shows congressional intent to invoke the same analysis whether a plaintiff requests monetary or injunctive relief against a judge.

Under this analysis, the scope of a judge's judicial capacity is construed broadly. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*, at 357. If the act was one that a judge would perform, the judge is "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359.

5

Here, the Plaintiff claims that the judges made rulings and conducted investigations that were against Illinois law and contained procedural and other errors. These rulings and investigations were exercises of the judges' judicial powers, they involved the types of issues that judges deal with on a daily basis, and they were not taken in the clear absence of jurisdiction. Therefore, the claims against the judges are based on acts taken within their judicial capacity, and they are immune from the Plaintiff's claims by the clear language of Section 1983. Even leaving aside immunity, a state court judge deciding motions in a state court in good faith implicates no Federal right that could be redressed in a Section 1983 case. Thus, the Plaintiff's claims should be dismissed.

Finally, the claims against the Ogle County, Illinois Circuit Clerk are not viable. State Court Circuit Clerks enjoy derivative immunity for damages "arising from acts they are specifically required to do under court order or at a judge's direction." *Williams v. Wood*, 612 F.2d 982, 984-85 (5th Cir. 1980); <u>see also</u> *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Though these cases, like *Stump*, apply the common law doctrine of absolute judicial immunity, this analysis should be used for Section 1983 injunctive immunity as well.

Here, Judge Pemberton's November 14, 2007 letter very clearly directs the Ogle County, Illinois Circuit Clerk to make changes in the docket. (*See* Complaint, Exhibit B.) The Clerk made these changes at the judge's direction, and the Clerk is therefore immune from the Plaintiff's claims for injunctive relief. Moreover, this normal, administrative action by a Circuit Clerk would not in any way constitute the violation of a Federal right. These claims should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

**D. The State of Illinois is Immune from These Claims Under the Eleventh Amendment.**

The Eleventh Amendment deprives this Court of subject matter jurisdiction in suits against the State of Illinois. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." Although the literal wording appears not to include suits by a citizen against the citizen's own state, subsequent judicial interpretation has extended the immunity to suits by all individuals regardless of citizenship. The leading modern case is perhaps *Pennhurst v. Halderman*, 465 U.S. 89 (1984):

> The Court's decisions thus establish that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state . . . *It is clear of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.*

*Id.* at 100. (Emphasis added).

This Eleventh Amendment bar to federal jurisdiction over a state has been reaffirmed many times. See, e.g., *Jensen v. State Board of Taz Commissioners of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of its agencies or departments "clearly proscribed" by the Eleventh Amendment); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991) ("a state agency *is* the state for purpose of the eleventh amendment"); *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *Nelson v. LaCrosse County Dist. Atty. (State of Wisconsin)* 301 F.3d 820, 827, n.7 (7th Cir. 2002).

The only exceptions to this rule would be if the state consents to suit (which it has not) or if Congress overrides the Eleventh Amendment by specifically and unequivocally legislating

under another constitutional grant of authority, such as section 5 of the Fourteenth Amendment. *See Tennessee v. Lane*, 541 U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). There is no such Congressional override at play here. In short, the Eleventh Amendment deprives this Court of subject matter jurisdiction to enter any relief against the State of Illinois.

### III.  Conclusion

The Plaintiff's claims against all the Defendants should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1). The *Rooker-Feldman* doctrine bars the Plaintiff from requesting that the Federal court review the State Court Judges' orders. The *Younger* abstention doctrine requires that the Plaintiff pursue these claims in State court, not Federal court. The State of Illinois is not an entity that can be sued under Section 1983, and the judicial Defendants and Circuit Clerk are immune from these claims by the clear language of Section 1983. Finally, the Eleventh Amendment bars subject matter jurisdiction over the State of Illinois.

**WHEREFORE**, based upon the foregoing, Defendants State of Illinois, Judge Michael Mallon, Judge Stephen Pemberton, and the Ogle County, Illinois Circuit Clerk respectfully move this Honorable Court to dismiss all of Plaintiff's claims with prejudice, and for such further relief that the Court finds reasonable and just.

LISA MADIGAN
Attorney General of Illinois

Respectfully submitted,

　　s:/ Kevin Lovellette
KEVIN LOVELLETTE
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois  60601
(312) 814-3720