UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

# FILED

FEB 0 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| | | |
|---|---|---|
| Vernie L. Davenport, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Case No. 07 C 50246 |
| | ) | |
| V. | ) | |
| | ) | Honorable Judge Kapala |
| | ) | |
| State of Illinois, et al. | ) | Magistrate Judge Mahoney |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Vernie L. Davenport, Jr., PRO SE, hereby submits this Memorandum of Law in

Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

Defendants have filed a motion to dismiss Plaintiff's original complaint because they

allege that the Plaintiff lack standing to bring his claim and Defendants have sovereign

immunity. Plaintiff will show that he clearly has standing to bring his complaint before

this Court and Defendants lack sovereign immunity.

**ARGUMENT**

## 1. PLAINTIFF CLEARLY HAS STANDING UNDER WELL-ESTABLISHED RULES IN FOURTEENTH AMENDMENT CASES

Defendants' claims that this Court lacks subject matter jurisdiction due to *Younger* abstention and *Rooker-Feldman* doctrine are without foundation. Plaintiff request of relief with this Court has no bearing on any appeal in any state court. Plaintiff's actions are not barred by *Rooker-Feldman* doctrine because Plaintiff contends that Defendants Judge Mallon and Judge Pemberton decisions are void *ab inito,* thus they are not decisions, at all. Void order may be attacked, either directly or collaterally, at any time, In Re Estate of Steinfield, 630 N.E.2d 801, certiorari denied, See also Steinfeld v. Hoddick, 513 U.S. 809 (Ill. 1994).

Defendant Judge Pemberton and Defendant Judge Pemberton unlawfully and knowingly acted contrary to the requirements of mandatory statutes, namely, Illinois Code of Judicial Conduct Rule 63 - Canon 3 (C) (1) (Disqualification), Illinois Code of Judicial Conduct Rule 63 - Canon 3 (Fair and Impartial), Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(i) (*ex parte* communications) and Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(ii) (*ex parte* communications). Defendant Judge Pemberton unlawfully and knowingly acted contrary to the requirements of mandatory statutes, namely, Illinois Code of Judicial Conduct Rule 63 ("A judge must not independently investigate facts in a case and must consider only the evidence presented."). Their unlawful acts were forbidden by the State of Illinois and were thus expressly committed in the absence of jurisdiction.

There are three requirements for Article III standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. Lujan V. Defenders Of Wildlife, 504 U.S. 555 (1992).

## 2. INJURY IN FACT

*Due Process* is a requirement of the U.S. Constitution. Violation of the United States Constitution by a judge deprives that person from acting as a judge under the law. He/She is acting as a private person, and not in the capacity of being a judge; and, therefore, has no jurisdiction. This principle of law was stated by the U.S. Supreme Court as "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply VOID, AND THIS IS EVEN PRIOR TO REVERSAL." [Emphasis added]. Vallely v. Northern Fire and Marine Ins. Co., 254 U.S. 348, 41 S. Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12 L. Ed, 1170, 1189, (1850); Rose v. Himely, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808).

Plaintiff contends that his rights to (1) procedural due process and (2) an impartial tribunal were violated and, therefore, seeks relief.

### 3.  CAUSAL RELATIONSHIP BETWEEN THE INJURY AND THE CHALLENGED CONDUCT

Defendant Judge Mallon has demonstrated a pattern of acting as an individual while setting on the trial bench. Louisville & N R Co v. Schmidt, 177 U.S. 230 (1900) states, in part, that the responding party should have sufficient notice and adequate opportunity afforded him to respond.  The circuit court Record shows no docketing of a hearing for the motion to vacate—nunc pro tunc—filed on March 15, 2006.  Defendant Judge Mallon violated Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(i) (*ex parte* communications) and Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(ii) (*ex parte* communications) when he held a hearing on Defendant's motion immediately upon its presentation to the court.

Excerpted from 2003D103 court Record of Proceedings for May 15, 2006:

> MR. SLOCUM: " Judge, I have a motion I sent out notice on which I would ask leave to file the original right now.  It's a motion—I think I alluded to it when we were in court—a motion to vacate the judgment of divorce on the grounds *nunc pro tunc*…"

The circuit court Record does not show filing of a notice of a hearing; nor the docketing of a hearing to hear the pleading to vacate nunc pro tunc. Attorney Slocum's statement is fraud upon the court by implying that proper notice had been filed.

Plaintiff has obtained a 2003D103 court Record Report of Proceedings of all circuit court appearances with both parties present between the time circuit court defense counsel filed an Appearance and May 15, 2006.  None of these 2003D103 court Record of Proceeding shows Attorney Slocum "alluding" to a motion to vacate nunc pro tunc during a proceeding.  *Nunc pro tunc* was a ruse by opposing counsel to circumvent the 30-day deadline for circuit court to retain jurisdiction.  The original dissolution of marriage was entered on October 6, 2005 and the motion to vacate *nunc pro tunc* was heard more than seven (7) months later.  The Illinois appellate court, though affirming the circuit court judgment, ruled there was no *nunc pro tunc* error.

The circuit court met at least three (3) criteria for a void judgment, while only one is sufficient:

1. Insufficient procedural due process: when the circuit court acted on insufficient notice to Plaintiff and provided inadequate opportunity for Plaintiff to respond to opposing party's motion to vacate *nunc pro tunc*;

2. Fraud imposed on the circuit court when opposing counsel knowingly presenting a *nunc pro tunc* motion even though no *nunc pro tunc* error existed; and

3. Illinois statue 750 ILCS 5/413(a) states, in part, "A judgment of dissolution of marriage or of legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal."  The circuit court lacked jurisdiction when it heard a motion to vacate more than six (6) months past the 30-day deadline for an appeal or post-judgment motion.

On November 9, 2007, Defendant Judge Mallon filed an affidavit in circuit court claiming that Plaintiff's federal suit was not directed toward him [Judge Mallon] personally. Defendant Judge Mallon's claim that the federal suit is not directed toward him personally is contradicted by his claim of immunity in federal court. Defendant Judge Mallon's affidavit is fraud upon the circuit court and robs Judge Mallon of jurisdiction in the circuit court case. Defendant Judge Mallon's affidavit was also used by Defendant Judge Pemberton in his decision on Plaintiff's circuit court motion to substitute (from Judge Mallon) for cause. Thus, Defendant Judge Mallon's affidavit robbed Defendant Judge Pemberton of jurisdiction in the circuit court case.

Defendant Judge Pemberton's letter of November 14, 2007 is his admission that he conducted an independent investigation into a matter concerning a case and made a ruling based on the independent investigation. Defendant Judge Pemberton's investigation into the October 19, 2007 docket entry was a violation of the Illinois Code of Judicial Conduct: "A judge must not independently investigate facts in a case and must consider only the evidence presented." Defendant Judge Pemberton was without authority to investigate facts in the circuit court case. As such, Defendant Judge Pemberton acted as an individual, not a circuit court judge. Defendant Judge Pemberton, acting as an individual, used his station as a circuit court judge to order changes to the circuit court docket. Thus, Defendant Judge Pemberton order was fraud upon the circuit court.

It is also clear and well-settled Illinois law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E.

Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935). The circuit court opposing party committed fraud upon the circuit court when it presented (1) a fraudulent *nunc pro tunc* motion; and (2) a fraudulent motion while the case was under appeal, stating the [fraudulent] motion was not relevant to the appeal process. Defendant Judge Mallon's affidavit which claims that the federal suit is not directed toward him personally is fraud upon the court. Defendant Judge Pemberton order to change the circuit court docket based on his personal investigation was fraud upon the court.

Only an inspection of the record of the case showing that the judge was without jurisdiction or violated a person's due process rights, or where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void. Potenz Corp. v. Petrozzini, 170 Ill. App. 3d 617, 525 N.E. 2d 173, 175 (1988). A judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. Klugh v. U.S., D.C.S.C.,

610 F.Supp. 892, 901. In instances herein, the law has stated that the orders are void *ab initio* and not voidable because they are already void.

The May 15, 2006 hearing was docketed to hear Plaintiff's motion to Substitute Party for drafting the circuit court settlement judgment. Plaintiff's motion was never addressed because the circuit court heard and granted opposing party's motion to vacate *nunc pro tunc* in violation of Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(ii).

On February 21, 2007, while the appellate court was reviewing Plaintiff's appeal, Defendant Judge Mallon held a hearing on subject matter under appeal. Defendant Judge Mallon's response when lack of circuit court jurisdiction was brought to his attention was, "I did not know there was an appeal..." He failed to rule on the question of jurisdiction and merely ignored the question, contrary to established law: "The court must act if lack of jurisdiction is brought to its attention or appears on the record." Automated Professional Tax Services, Inc. v. Department of Employment Security, 244 Ill. App. 3d 485, 612 N.E.2d 1008 (1993). Once jurisdiction is challenged, it must be [sincerely] considered and decided before any court can move one further step. There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

The Illinois Code of Judicial Conduct Rule 63-Canon 3 states, in part, that a Judge should perform the duties of judicial office impartially and diligently. Yet, Defendant Judge Mallon appeared predisposed to a pattern of acting as an

individual while sitting on the trial bench. The Illinois Code of Judicial Conduct Rule 63 - Canon 3 (C) (1) also states, in part, that a judge shall disqualify himself/herself when a reasonable person would question the judge's capability to be impartial. Yet, Defendant Judge Mallon continues to defy this rule. Defendant Judge Mallon continues to hear pleadings on this case when his capability to be impartial has been questioned, as well as, clearly questionable.

Defendant Judge Mallon's orders of May 15, 2006 (vacating dissolution of marriage *nunc pro tunc*), May 17, 2006 (reinstatement of dissolution of marriage and settlement judgment), and February 21, 2007 (judgment while May 15, 2006 and May 17, 2006 orders were under appeal) are null and void *ab inito* as defined by Vallely v. Northern Fire and Marine Ins. Co., 254 U.S. 348, 41 S. Ct. 116 (1920). See also Old Wayne Mut. I. Assoc. v. McDonough, 204 U.S. 8, 27 S.Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12 L. Ed, 1170, 1189, (1850); Rose v. Himely, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808). Defendant Judge Mallon continues to preside over hearing as an individual, not a judge. It is for this reason Plaintiff also requests this Court declare Defendant's Judge Mallon's decision of June 29, 2007, and subsequent orders, void *ab initio*.

Recording a ruling by docket in Ogle County Circuit Court is not unusual. As late as December 13, 2007, Defendant Judge Pemberton's denial of Plaintiff's motion to substitute judge [from Pemberton] was recorded by docket. The Ogle County docket is an electronic log containing brief entries of court proceedings and is a formal record of

judicial proceedings. Docket entries are maintained by the Ogle County Circuit Clerk. Any investigation as to the credibility of docket entries should include data derived from the Ogle County Circuit Clerk. The Ogle County Circuit Clerk data should be able to provide essential forensics associated with the October 19, 2007 docket entry, including but not limited to: timestamp of entry/modification, identity of personnel entering/modifying data, identity of the station on which the data entry was made, capability to restore modified or lost data, and testimony of the personnel that entered/modified the data entry. The Ogle County Circuit Clerk modified the docket solely on the face of a letter from Defendant Judge Pemberton, not as a result of an independent investigation of his own. The docket fails to show the events of a conference call held by Defendant Judge Mallon on October 19, 2007. The Ogle County Circuit Clerk failed in safekeeping, proper recording and reporting of Ogle County court records. This Court should direct the Ogle County Circuit Clerk to restore the October 19, 2007 docket entry to its contents prior to Defendant Judge Pemberton's November 14, 2007 directions, pending a full investigation by a special federal prosecutor. Integrity of court records is an essential part of the judicial process. A special federal prosecutor should be appointed by this Court to determine if any criminal acts were involved in the recording, manipulation or reporting of the Ogle County court records associated with the circuit court case involving this Plaintiff.

Defendant Judge Pemberton's superficial investigation into the October 19, 2007 docket entry was a violation of the Illinois Code of Judicial Conduct: "A judge must not independently investigate facts in a case and must consider only the evidence presented."

Defendant Judge Pemberton violation of the Illinois Code of Judicial Conduct caused him

to lose jurisdiction in the circuit court case.  As such, Judge Pemberton rulings solely

based on the results of his superficial and unlawful investigation of the October 19, 2007

docket entry are null and void.


The protocol for the motion to substitute judge [from Mallon] due to cause filed on

October 3, 2007 different greatly from the protocol for a previous motion to substitute

judge [from Mallon] due to cause filed on April 17, 2007:

### Protocol for April 17, 2007 Motion:

April 17, 2007: Motion filed

April 18, 2007: Docket Entry-Case assigned to Pemberton

April 24, 2007:  Telephone Conference with parties and [Judge] Pemberton

May 1, 2007:  [Defendant's] Response to Motion filed. Hearing Set for May 9,

2007

May 9, 2007:  Hearing held

### Protocol for October 3, 2007 Motion:

October 3, 2007: Motion filed

October 19, 2007:  Docket Entry-Motion granted, Judge Pemberton assigned to

case

(Note:  In the protocol for the April 17, 2007 motion, a conference call with the parties

and Judge Pemberton to schedule a hearing date was held within one week of the motion

filing.)  The April 17, 2007 Motion was addressed within about a three-week period.

What is notably absent is the October 19, 2007 docket entry of the Telephone Conference

on that date with parties and Judge Mallon; any reference to a docket entry of the motion

having been assigned to Judge Pemberton for hearing; any reference to scheduling of

telephone conference with parties and Judge Pemberton; any scheduling of a hearing on

Plaintiff's motion.  The circuit court record fails to support Judge Pemberton's claim that

Judge Mallon referred the motion to substitute judge [from Mallon] to him [Judge

Pemberton] and that he [Judge Pemberton] assigned the case to himself.  At no time

between October 19, 2007 and November 5, 2007 [date of Plaintiff's question concerning

the October 9, 2007 docket entry] did Defendant Judge Pemberton communicate to both

parties that he had been assigned to the case.  Nor, did Defendant Judge Pemberton

schedule a hearing to hear the motion during the period between October 19, 2007 and

November 5, 2007.  A casual observer would find it implausible that the previously stated

acts of omission were inadvertent. The acts of omission are consistent with the October

19, 2007 docket entry granting Plaintiff's motion.

On November 5, 2007, within less than a three-week period following Plaintiff filing its

motion to substitute judge [from Mallon] for cause, Defendant Judge Pemberton agreed

to hear a pleading of the circuit court opposing party—an act consistent with the case

been assigned to him [Judge Pemberton].   Yet, the circuit court record shows no instance

where both parties were previously informed of the case been assigned to Defendant

Judge Pemberton.  The circuit court opposing counsel had to obtain a court hearing date

from Defendant Judge Pemberton's office.  Given the parties were not informed of Judge

Pemberton's assignment to the case, the circuit court opposing counsel would have

breached protocol by approaching Judge Pemberton's office for a hearing date.  There

must have been *ex parte* information provided to opposing counsel when he breached protocol by requesting a hearing date from Defendant Judge Pemberton's office, and not from that of Defendant Judge Mallon's office.   As such, scheduling the November 7, 2007 hearing with Defendant Judge Pemberton was a violation of  Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(i) and Illinois Code of Judicial Conduct Rule 63 – Canon 3 (A)(4)(a)(ii):

> (4) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
>
> (a) Where circumstances require, *ex parte* communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:
>
> (i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the *ex parte* communication, and
>
> (ii) the judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication and allows an opportunity to respond.

Defendant Judge Pemberton violated the Illinois Code of Judicial Conduct  ("A judge must not independently investigate facts in a case and must consider only the evidence presented")  when he caused Ogle county court records reflecting activities of October 19, 2007 to be altered based on his superficial and unlawful investigation.  Judge

Pemberton's superficial investigation was without authority of law.  A Judge may lose

jurisdiction during a case, although he may have held jurisdiction at the beginning of a

case. The Illinois Supreme Court has stated that:

"Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the

limits of the jurisdiction conferred, its judgment is void." Flake v. Pretzel, 381 Ill. 498, 46

N.E.2d 375 (1943); Armstrong v. Obucino, 300 Ill. 140, 143, 133 N.E. 58 (1921); People

v. Abney, 90 Ill.App.3d 235, 243, 232N.E.2d 784, 788 (1967).  As such, Judge

Pemberton's actions robbed the Ogle County circuit court of jurisdiction concerning the

events affected by Judge Pemberton unlawful investigation and the events that follow. As

such, Judge Pemberton decisions of November 14, 2007 and onward are null and void.


 Judge Pemberton's November 14, 2007 letter is his admission of violating Illinois Code

of Judicial Conduct Rule 63 – Canon 3 (A)(4): "A judge shall not initiate, permit, or

consider ex parte communications, or consider other communications made to the judge

outside the presence of the parties concerning a pending or impending proceeding..."

when he [Judge Pemberton] communicated with Judge Mallon outside the presence of the

parties concerning the October 19, 2007 docket entry.  Judge Pemberton's unlawful

communication with Judge Mallon admittedly influenced Judge Pemberton's findings of

November 14, 2007.


Judge Pemberton in violation of 735 ILCS 5/2-1001, personally reviewed the motion to

substitute judge [from Pemberton]—he did not refer the pleading to another judge as

mandated by the statute.  Defendant Judge Pemberton is required by Illinois Code of

Judicial Conduct , Rule 63-Canon 3 (C)(1)  (Disqualification) to disqualify himself when his impartiality might be questioned. When Judge Pemberton disregards the law, he acts as an individual, not a judge.  On December 13, 2007, Defendant Judge Pemberton acted as an individual in his review of the motion to substitute judge [from Pemberton]. As an individual, Judge Pemberton acted without jurisdiction. As such, Defendant Judge Pemberton December 13, 2007 decision is null and void.

## 4.  LIKELIHOOD THAT THE INJURY WILL BE REDRESSED BY A FAVORABLE DECISION

A voidable order is an order that must be declared void by a judge to be void; a void order is an order issued without jurisdiction by a judge and is void *ab initio* and does not have to be declared void by a judge to be void. Only an inspection of the record of the case showing that the judge was without jurisdiction or violated a person's due process rights, or where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void. Potenz Corp. v. Petrozzini, 170 Ill. App. 3d 617, 525 N.E. 2d 173, 175 (1988). See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999).  In instances herein, the law has stated that the orders are void *ab initio* and not voidable because they are already void.


Defendants Judge Mallon and Judge Pemberton pattern of acting as an individual while setting on the trial bench cause their actions to be void.  The character of the judgments being void being brought to the attention of this court, this court is obligated to expunge the void orders. (It is well settled that a court must expunge a void order. People v. Magnus, 262 Ill.App.3d 362, 633 N.E.2d 869, 872 (1st Dist.

1994)).  As such, there is a favorable likelihood that Plaintiff's injury will be redresses by a decision favorable to Plaintiff.

## 5.  SIGNIFICANT POSSIBILITY' OF FUTURE HARM

Someone who seeks injunctive or declaratory relief "must show `a very significant possibility' of future harm in order to have standing to bring suit." Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1990), cert. denied, 112 S. Ct. 875 (1992).

State of Illinois agents, Illinois Supreme Court, Illinois Appellate Court of the Second District, and Presiding Judge in the Circuit Court of the 15th Judicial Circuit have supported Defendant Judge Mallon reign of terror on the bench:

1.  The Presiding Judge in the Circuit Court of the 15th Judicial Circuit, Judge Pemberton, on the May 9, 2006 hearing for Substitution of Judge Due to Cause, found insufficient evidence of discrimination of Defendant Judge Mallon's part, yet failed to invoke Illinois Code of Civil Procedure, 735 ILCS 5/2 617, that Plaintiff had sought the wrong remedy and require Defendant Judge Mallon to disqualify himself based on the grounds that a judge shall disqualify himself/herself when a reasonable person would question the judge's capability to be impartial.  The Illinois Code of Judicial Conduct requires disqualification to be the burden of the affected judge and does not require a prerequisite action of another party.

2.  The Illinois Appellate Court and Illinois Supreme Court failed to rule on the question of jurisdiction placed before them concerning the February 21,

2007 circuit court hearing: an act of treason on the Constitution, as held by the U.S. Supreme Court.

3. It seems the circuit court made an issue of clear and convincing bias by repeatedly delaying, and effectively canceling the status hearing on transfer of title as entered in the void order of February 21, 2007. It also made the unethical and illegal decision to reverse its own [void] order by ignoring opposing party's request for status hearing and failing to rule on Plaintiff's motion to stay execution of judgment of the void February 21, 2007 order. This informal reversal by the circuit court was prompted by its illegal and unethical conduct in covering up for its own misconducts and violations.

Defendant Judge Pemberton's letter on November 14, 2007 is admission that he engaged in conduct in which he had no authority to do so.

There are some who might contend that Defendant Judge Mallon and Defendant Judge Pemberton only made a series of unfortunate harmless errors. To those who might do so, I refer them to the case: Arizona v. Fulminante. In Arizona v. Fulminante, 499 U.S. 279, 281 (1991), "A trial error differs markedly from violations that are structural defects in the constitution of the trial mechanism, and thus defy analysis by harmless error standards. Gideon v. Wainwright, 372 U.S. 335 ; Tumey v. Ohio, 273 U.S. 510 , distinguished. In Gray v. Mississippi, 481 U.S. 648 (1987): "We have recognized that "some constitutional rights [are] so basic to a fair trial that their infraction can never be treated as harmless error." Chapman v. California, 386 U.S., at 23. The right to an impartial adjudicator, be it judge or jury, is such a right. [Chapman v. California, 386

U.S.], at 23, n. 8, citing, among other cases, Tumey v. Ohio, 273 U.S. 510 (1927)

(impartial judge)…"

Defendants Judge Mallon and Judge Pemberton will continue their reign of terror

on the trial bench unless they are stopped by a legal power greater than theirs.  They

have demonstrated a belief that the rule of law does not apply to them.  To these

Defendants, the rule of law should only apply at certain times, certain situation, and

under certain conditions.  Defendant Judge Mallon continues to preside over the

circuit case, unless he is disqualified and enjoined from doing so, he will continue

to violate Plaintiff's Fourteenth Amendment Right to Due Process.

**6.  DEFENDANTS JUDGE MALLON, JUDGE PEMBERTON, AND OGLE**
**     COUNTY CIRCUIT CLERK LACK SOVEREIGN IMMUNITY**

That the doctrine of sovereign immunity does not protect conduct which has been

prohibited by the sovereign is clearly demonstrated by the case on which Plaintiff chiefly

relies, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949). The Larson

opinion teaches that the actions of state officials are not attributable to the State -- are

*ultra vires* -- in two different types of situations: (1) when the official is engaged in

conduct that the sovereign has not authorized, and (2) when he has engaged in conduct

that the sovereign has forbidden. A sovereign, like any other principal, cannot authorize

its agent to violate the law. When an agent does so, his actions are considered *ultra vires*

and he is liable for his own conduct under the law of agency. Both types of *ultra vires*

conduct are clearly identified in Larson.  When Defendants Judge Mallon and Judge

Pemberton act without jurisdiction they no longer act as agents of the State of Illinois, they act as individuals and are liable for their own conduct under the law of agency. When the circuit clerk takes direction from an individual to alter court dockets, he/she is engaged in conduct that the sovereign has not authorized. When the Illinois Appellate Court and Illinois Supreme Court knowingly permit Defendant Judge Mallon to enter void orders without recourse, they are committing treason on the Constitution: an act that causes these agents of the State of Illinois to be denied sovereign immunity. Neither Judges, nor circuit clerks have immunity for their criminal acts. <u>Yates v. Village of Hoffman Estates, Illinois</u>, 209 F. Supp. 757 (N. D.Ill. 1962).

## CONCLUSION

WHEREFORE, for reasons stated herein, Plaintiff respectfully prays this Honorable Court:

1. Deny Defendants' Motion to Dismiss,

2. Declare Judge Mallon acted at all times on and since May 15, 2006 without subject-matter jurisdiction in the circuit court case;

3. Declare all Judge Mallon orders entered on and since May 15, 2006 void ab initio;

4. Expunge sua sponte all Judge Mallon's orders entered on and since May 15, 2006.

5. Stay sua sponte all Judge Mallon's orders entered on and since May 15, 2006.

6. Declare that Judge Pemberton lacks subject-matter on and after November 9, 2007;

7. Expunge sua sponte all Judge Pemberton's orders entered on and since November 9, 2007;

8.  Stay sua sponte Judge Pemberton's order to change the Ogle County court docket until the jurisdictional issue is finally settled;

9.  Declare that the State of Illinois and the Ogle County Circuit Clerk shall reverse, or cause to be reversed, changes to the Ogle County court docket caused, directly or indirectly, by Judge Pemberton's letter of November 14, 2007.

10. Order a criminal investigation into the Ogle County court docket entries and alterations on and about October 19, 2007;

11. Grant to Plaintiff such further equitable and complete relief which to the court shall seem meet and just.

Respectfully submitted,

Vernie L. Davenport, Jr.
132 Jeffery Avenue
Rochelle, Il  61068-9705
(601) 868-0372

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Vernie L. Davenport, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Case No. 07 C 50246 |
| | ) | |
| V. | ) | |
| | ) | Honorable Judge Kapala |
| | ) | |
| State of Illinois, et al. | ) | Magistrate Judge Mahoney |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

AFFIDAVIT

I, Vernie L. Davenport, Jr., on oath deposes and says that I believe the statements made in **Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss** are true and correct, as presented.

Vernie L. Davenport, Jr.

-----------------------------------------------------------------------------------------

SUBSCRIBED AND SWORN TO before
me this ___8th___ day of February, 2008

Notary Public

> OFFICIAL SEAL
> JULIE A. ELLIS
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES 05/28/10