IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| VERNIE L. DAVENPORT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 50246 |
| v. ) | |
| ) | Honorable Judge Kapala |
| STATE OF ILLINOIS, JUDGE MICHAEL ) | |
| MALLON, JUDGE STEPHEN PEMBERTON, ) | Magistrate Judge Mahoney |
| and the OGLE COUNTY, ILLINOIS CIRCUIT ) | |
| CLERK, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants State of Illinois, Judge Michael Mallon, Judge Stephen Pemberton, and the Ogle County, Illinois Circuit Clerk, by their attorney, LISA MADIGAN, Attorney General of Illinois, submit the following as their Reply in support of their Motion to Dismiss:

    **A.    The Defendants are Not Subject to Suit Under Section 1983.**

The Plaintiff's claims against the Defendants are not viable under the plain language of 42 U.S.C. §1983. As discussed in the Motion to Dismiss, the State of Illinois is not an entity that can be sued under this law, Judge Mallon and Judge Pemberton are entitled to the statutory immunity contained in this law, and the Ogle County Circuit Clerk is entitled to derivative statutory immunity.

The Plaintiff does not cite any authority to the contrary. Instead, the Plaintiff seems to be arguing that he has standing under Article III to bring these claims in Federal court. (*See* Plaintiff's response brief, pgs. 1 and 3.)

The Defendants did not raise the lack of standing as a defense. The Plaintiff is confusing the issue of standing with the Section 1983 bar against bringing these claims against these Defendants. These are two separate issues. The Plaintiff's irrelevant discussion of standing should be ignored.

There is no question that the State of Illinois is not an entity that can be sued under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). As to the remaining Defendants, Judge Mallon, Judge Pemberton, and by extension the Ogle County Circuit Clerk, they are entitled to Section 1983 immunity if the acts complained of: (1) were taken within the court's jurisdiction; and (2) were performed in the judges' judicial capacities. See *Stump v. Sparkman*, 435 U.S. 349 (1978). As shown below, both of these conditions were met, and the Plaintiff's claims should be dismissed.

1. **The State Court had Jurisdiction Over the Plaintiff's Divorce Matter.**

The Plaintiff spends the majority of his response brief arguing that the Defendants lacked "jurisdiction" in the underlying State court action which, he claims, defeats Section 1983 immunity as well as the *Rooker-Feldman* and *Younger* doctrines. Such claims are baseless. The Plaintiff has misconstrued the term "jurisdiction."

Jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). As it applies in the instant case, jurisdiction is conferred upon the Illinois courts solely by the Constitution of the State of Illinois. *Belleville Toyota v. Toyota Motor Sales*, 199 Ill. 2d 325, 334, 770 N.E.2d 177, 184 (2002). Under the Constitution, the Illinois Circuit Courts "have original jurisdiction of all justiciable matters..." Ill. Const. Art. VI, §9. A divorce proceeding is a justiciable matter. *In re Marriage of David*, 367 Ill. App. 3d 908, 916, 856

N.E.2d 1158, 1165 (2nd Dist. 2006). The Illinois courts are not divested of jurisdiction if the court misapplies Illinois statutes or rules during the pendency of the divorce. *Id.*

Here, the Plaintiff's underlying State court action is a divorce proceeding. The only difference between the claims here and the claims disposed of in *Marriage of David* is the Illinois law that the judges allegedly violated. In *Marriage of David*, it was the Marriage and Dissolution of Marriage Act. *Id*. Here, it is the Illinois Code of Civil Procedure and Illinois Supreme Court Rules. This is a distinction without merit. Pursuant to the reasoning in *Marriage of David*, it is clear that even if a judge misapplies or violates Illinois law, the Circuit Court nevertheless retains jurisdiction over the matter under the Illinois Constitution. Therefore, the Plaintiff's argument that Judge Mallon or Judge Pemberton allegedly misapplied Illinois law does not remove jurisdiction from the Circuit Court.

Furthermore, the judges are immune from suit under Section 1983 unless they acted "in the clear absence of all jurisdiction," not merely in excess of their jurisdiction. *Stump*, at 355, 356. The scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge." *Stump*, at 356. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, at 359.

Here, the Plaintiff raises the same points of contention that were disposed of by the Supreme Court in *Stump*. The Plaintiff argues that the commission of grave procedural errors robbed the Defendant judges of jurisdiction in the State court. This argument was denied by the *Stump* court, and it should be similarly denied here. The Plaintiff's claims against the Defendants should be dismissed pursuant to Section 1983 immunity.

    **2.**    **Judge Mallon and Judge Pemberton Acted in their Judicial Capacities, and the Ogle County Circuit Clerk Acted in Response to a Judge's Directive.**

The remainder of Plaintiff's response brief seems to suggest that Judge Mallon and Judge Pemberton were acting "as individuals, not as judge[s]" when they made their judicial decisions based upon Illinois law. This is clearly not true.

The factors which determine whether an act is judicial in nature relate to whether the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Barron v. Gallagher*, 897 F.2d 1387, 1392 (7th Cir. 1990). A judge who assigns cases, considers pre-trial matters, and renders a decision in a case acts "well within his or her judicial capacity." *Id.* The lack of formally docketing a matter does not take it outside judicial immunity. *Stump*, at 360.

Here, the judges' acts were all taken with regard to the divorce proceeding that was pending before them. The Plaintiff complains about a judicial investigation into the docket system, decisions regarding substituting a judge, decisions about granting motions, and the decision to dissolve/not dissolve the marriage. These are all issues that judges in Family Court confront daily. They are germane to the issues brought before them by the parties to the action. Therefore, the judges, and by extension the Ogle County Circuit Clerk, acted appropriately, and the claims against them are barred by Section 1983.

    **B.**    **Defendant State of Illinois is Entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment deprives this Court of subject matter jurisdiction in suits against the State of Illinois. *Pennhurst v. Halderman*, 465 U.S. 89, 100-101 (1984). The

Plaintiff fails to address the issue whether the Defendant State of Illinois is entitled to this immunity. Therefore, the Defendant State of Illinois should be dismissed from this action.

The Plaintiff states that Judge Mallon, Judge Pemberton and the Ogle County Circuit Clerk are not entitled to "sovereign immunity." (*See* Plaintiff's response brief, pg. 18.)[1] However, the Defendants did not raise the doctrine of sovereign immunity in the Motion to Dismiss. The Plaintiff is perhaps confusing the State's raising of Eleventh Amendment immunity with the doctrine of sovereign immunity. Only the State of Illinois raised the Eleventh Amendment immunity, not the other three Defendants. The Plaintiff's discussion of the applicability of sovereign immunity (even if he has it confused with Eleventh Amendment immunity) to Judge Mallon, Judge Pemberton and the Ogle County Circuit Clerk is not relevant to any issue before the Court and should be ignored.

Furthermore, the Plaintiff is confusing sovereign immunity for Federal officials with State sovereign immunity. The case upon which the Plaintiff relies, *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), discusses sovereign immunity involving a Federal official. Such immunity is obviously not available to State officials, only Federal officials. A suit against State officials in their official capacity can in some circumstances be deemed a suit against the State, and thus barred by the Eleventh Amendment. But here, the party asserting immunity is the State itself, which is undisputedly entitled to Eleventh Amendment immunity. As such, all claims against it should be dismissed.

---

[1] The Defendants note that Plaintiff filed a 20-page brief without receiving prior approval from the Court to exceed the standing 15-page limit, L.R. 7.1. But even with this extra space, the Plaintiff fails to present viable arguments in support of his claims.

## C. Both *Rooker-Feldman* and the *Younger* Doctrines Bar the Plaintiff's Claims.

Plaintiff attempts to characterize the decisions of Judge Mallon and Judge Pemberton as "void *ab initio*" to avoid the *Rooker-Feldman* and/or *Younger* doctrines. The "void *ab initio*" exception has only been applied in Federal bankruptcy cases and is clearly not applicable here, where the Plaintiff has not truly contested the Circuit Court's jurisdiction over him, but is rather contesting a series of decisions made by the judges. The Seventh Circuit has held, in deciding a Section 1983 suit based on a State court divorce proceeding, that:

> [w]hile a void *ab initio Rooker-Feldman* exception might be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) in order to protect the dominant federal role in that specialized area of the law, it has no place here. As we have said, the Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene. If a state court had violated constitutional jurisdictional limits, [Plaintiff] could have brought that up with the Supreme Court after exhausting his state court remedies.

*Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003).

Thus, this very limited exception to the doctrine does not apply here, and the Plaintiff's claims should be dismissed.

**WHEREFORE**, based upon the foregoing, and for the reasons stated in the Defendants' Motion to Dismiss, Defendants State of Illinois, Judge Michael Mallon, Judge Stephen Pemberton, and the Ogle County, Illinois Circuit Clerk respectfully move this Honorable Court to dismiss all of Plaintiff's claims with prejudice, and for such further relief that the Court finds reasonable and just.

LISA MADIGAN
Attorney General of Illinois

Respectfully submitted,

   s:/ Kevin Lovellette
KEVIN LOVELLETTE
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3720