# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50246 | **DATE** | 3/12/2008 |
| **CASE TITLE** | Davenport vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [8] is granted. This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Vernie L. Davenport, proceeding <u>pro se</u>, brings this action pursuant to 28 U.S.C. § 1983 against defendants the State of Illinois, Judge Michael T. Mallon, Judge Stephen C. Pemberton, and the Ogle County Circuit Clerk, in their official capacities. In his complaint, plaintiff alleges that Judge Pemberton's rulings in a state court case violated his constitutional rights to procedural due process, to a fair and impartial trial, and to the equal protection of the law. Plaintiff seeks declaratory and injunctive relief from Judge Pemberton's orders.

    Defendants have moved to dismiss the complaint on various grounds, including lack of subject-matter jurisdiction based on the <u>Rooker-Feldman</u> doctrine.[1] Under the <u>Rooker-Feldman</u> doctrine, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exon Mobile Corp. v. Saudi Basisc Indus. Corp.</u>, 544 U.S. 280, 284 (2005); <u>see also</u> <u>Sides v. City of Champaign</u>, 496 F. 3d 820, 824 (7th Cir. 2007) ("[O]nly the Supreme Court of the United States may set aside a judgment entered by a state court."). Among plaintiffs requests for relief is that this court "[d]eclare that the State of Illinois and the Ogle County Circuit Clerk shall reverse, or cause to be reversed, changes to the Ogle County court docket caused, directly or indirectly, by Judge Pemberton's letter of November 14, 2007." Because plaintiff's complaint alleges injuries caused by a state-court judgment and seeks an order rejecting those judgments, the <u>Rooker-Feldman</u> doctrine is implicated and this court lacks subject-matter jurisdiction. Consequently, defendants' motion to dismiss is granted.

---

1. See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).